# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEANNE E. FERRARO,**
   **Plaintiff,**

  v.               Case No. 10-C-0968

**MICHAEL D. BANNON**
     **Defendant.**

## ORDER

  I previously dismissed plaintiff's pro se complaint for failure to state a claim upon which relief could be granted. Her complaint failed to make any allegations of fact and instead consisted mostly of attached exhibits detailing the termination of her employment. I granted leave to replead and plaintiff filed an amended complaint. This time the complaint consists of six paragraphs alleging that defendant lied about the circumstances of her termination and slandered her reputation. She also filed a cover letter explaining that she was bringing suit "in order to protect my good reputation in Racine Wis., and to dispute [defendant's] unsubstantiated accusations pertaining to my position. . . ." Defendant again moves to dismiss, this time for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

  Once again I must grant the motion and dismiss the complaint. I do not have diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because plaintiff does not allege that the parties are diverse. In fact, it appears that all parties are citizens of Wisconsin. I do not have federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff's claims present no federal issue. Claims regarding her reputation, such as slander, libel and defamation, arise under state law. Although plaintiff may properly raise these issues in federal court

as arising from the same controversy as a federal claim, see 28 U.S.C. § 1367, this court lacks jurisdiction to consider them standing alone.

It appears from the exhibits attached to the original complaint and the vague reference to discrimination in the amended complaint that plaintiff may be attempting to bring a claim for age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., which undoubtably would raise a federal question. The current complaint, however, fails to state a basis for a discrimination claim. To allege employment discrimination, plaintiff must assert that the employer took a specific adverse employment action against her on the basis of a protected ground, such as age, race, or gender. See Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008).

I will therefore dismiss the complaint without prejudice and give plaintiff one last chance to replead. If plaintiff wishes to pursue this action in federal court, she must use the attached form and provide a short and plain statement of her claim against defendant on or before June 30, 2011. She should state the facts underlying her claim in separately numbered paragraphs, making sure to detail what defendant did to injure her. She should also be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). The "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. Therefore, the second amended complaint should not refer to or rely on her prior pleadings.

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that should plaintiff wish to file an amended complaint, she must do so on or before June 30, 2011.

Dated at Milwaukee, Wisconsin this 1st day of June 2011.

/s_____
LYNN ADELMAN
District Judge